# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Civil Case No. 07-0765 |
| A.G. CULLEN CONSTRUCTION, INC., ET AL., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

THIS CAUSE comes before the Court upon Travelers Casualty and Surety Company's ("Travelers") Emergency MOTION for Temporary Restraining Order and Motion for Preliminary Injunction [DE 5]. The only issue before the Court at this time with respect to the instant motion is the enforcement of §§ 9 and 10 of the General Indemnity Agreement ("GIA"). Under § 9, Travelers seeks an order from the Court requiring the Defendants, Arlene and Paul Cullen and A.G. Cullen Construction Company (collectively, "Defendants"), (1) to deposit all funds collected or received in connection with the Butler County Prison Project and the New Logan Middle School Project into a designated trust account; (2) to adhere to all their contractual obligations; and (3) to prohibit any distributions or withdrawals from the aforementioned trust account without the express consent of Travelers. Under § 10 of the GIA, Travelers seeks an order from the Court requiring the Defendants to provide it with access to the defendants' books, papers, records, documents, contracts, reports, financial information, accounts, and electronically stored information for the purposes of examining and copying them.

It is well-settled that a court will only grant a preliminary injunction if (1) denial of the

injunction will result in irreparable harm to the plaintiff; (2) the plaintiff is likely to succeed on the merits; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.  *See Maldonado v. Houstoun*. 157 F.3d 179 (3d Cir. 1998).  In order to show irreparable harm, a plaintiff must demonstrate that without the preliminary injunction he or she will experience "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.* 882 F.2d 797, 801 (3d Cir. 1989).

This Court has reviewed and considered all of the relevant pleadings as well as the transcript from the July 6, 2007 Status Conference.  This Court has also conducted an evidentiary hearing on July 16, 2007 and considered the documentary exhibits introduced at the hearing.  Based on the review of this evidence, the Court concludes that Travelers has not presented sufficient evidence to show that it will suffer irreparable harm without an emergency injunctive order to enforce §§ 9 and 10 of the GIA.  The harm that Travelers potentially faces from the Defendants' alleged breach of §§ 9 and 10 is economic harm.  The Third Circuit has held that potential economic harm does not rise to the level of irreparable harm.  *See Acierno v. New Castle County*. 40 F.3d 645 (3d Cir. 1994), *(*quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir.1989) ("In general, to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.' Economic loss does not constitute irreparable harm").

The Plaintiff correctly points to *American Express Travel Related Services v. Laughlin*, 623 A.2d 854 (Pa. Super. Ct. 1993), and *F.T. International, Ltd. v. Mason*, No. 00-5004, 2000 WL 1514881, at *1 (E.D. Pa. Oct. 11, 2000), for the principal that breach of trust and/or fiduciary obligation can constitute harm that has no adequate remedy at law. Pl.'s Br. Supp. Emergency Mot. Temporary Restraining Order and Mot. Prelim. Inj. 17.  However, these cases are factually distinguishable from the instant case. In both *American Express* and *F.T. International*, the court ruled

upon evidence that the plaintiff in each case had concealed or wrongfully dissipated the funds in question. On the contrary, the evidence presented to the Court in this case reveals no such ulterior motives. The only evidence presented by Travelers that the Defendants may have wrongfully dissipated the funds are unsubstantiated rumors that the Defendants plan to flee to St. Maarten. This is insufficient to show that denial of an injunction would result in irreparable harm. Furthermore, the Defendants have deposited the funds as required into the trust fund opened by Travelers, and Travelers cannot identify a single subcontractor who has not been paid.

In addition to the fact that Plaintiff only faces economic harm from breach of the GIA, it also will have an opportunity to obtain redress for any harm it experiences after a trial on the merits. The remedy that Traveler's seeks in this Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction is adequately covered by contract law.[1]

Based on the foregoing, IT IS ORDERED that the motion is denied in all respects without prejudice on this 1st day of August, 2007.

It is further ORDERED that the parties shall proceed forthwith to mediation in order to establish the parameters for the operation and management of the trust fund. Each party shall pay 50% of the mediator's normal hourly rate. In the event that the parties cannot agree on a mediator, the Court will appoint a mediator for the parties. Finally, the parties shall report the outcome of the mediation to this Court no later than September 1, 2007.

BY THE COURT:

s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: All counsel of record.

---

[1] Finally, the post-hearing memoranda and proposed orders filed by the parties (*see* DEs 35-37) primarily discuss the operation and management of the trust account. Because this Court has denied the instant motion to enforce §§ 9 and 10 of the GIA, it need not address this issue at this time.