IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-0765<br>Related Civil Action No. 08-1238 |
| A.G. CULLEN CONSTRUCTION, INC., ARLENE CULLEN, PAUL CULLEN, and COUNTY OF BUTLER, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.      Introduction

This matter comes before the Court on Plaintiff Travelers Casualty and Surety Company of America's ("Travelers") Memorandum in Support of Proposed Case Management Orders filed in the related actions at Civ. A. No. 07-765 and Civ. A. No. 08-1238 (07-765, Docket No. 119; 08-1238, Docket No. 43) and argument thereon held on July 20, 2009 (07-765, Docket No. 120; 08-1238, Docket No. 45). Travelers filed its memorandum objecting to the Court's proposed case management orders for the two actions, which were circulated to counsel for the parties in both cases and to which counsel for A.G. Cullen Construction, Inc., Arlene Cullen and Paul Cullen ("the Cullens") and County of Butler ("Butler") had no objections. Specifically, Travelers requests that the Court permit Travelers' indemnity claim against the Cullens in the 07-765 case to run parallel with the Cullens tort claims against Travelers in the action at 08-1238, thereby giving Travelers the opportunity to have the indemnity issue decided prior to the completion of discovery on the

1

construction issues in 07-765.

## II.   Factual Background and Procedural History[1]

A.   Relevant Facts from the Two Cases

1.   Case at No. 07-765

Travelers is the surety on two bonds for performance and payment issued to the Cullens, in connection with a general construction contract between the Cullens and Butler. (07-765, Docket No. 82 at 1-2). The subject bonds covered a construction project for the Butler County Prison (the "Project"), to which the Cullens agreed to be the general contractor on January 25, 2006, and they covered a project in the East Allegheny School District, for Logan Middle School (the "Logan Project"). (*Id.* at 2, 4; Docket No. 50 at 3s). Travelers and the Cullens also entered into a General Agreement of Indemnity ("GAI"), by which Arlene and Paul Cullen are the individual indemnitors under the bonds and the GAI, while A.G. Cullen Construction, Inc. stands as both Travelers' principal and indemnitor. (*Id.* at 3; 07-765, Docket Nos. 50-1, 50-2, 50-3).

In the spring of 2007, after construction began, the Cullens served Butler with several notices demanding payment, and threatened to walk off the Project if they were not paid within seven days.(07-765, Docket No. 82 at 4). In response, Butler threatened to find the Cullens in default of the contract and file a claim against the performance bond. (*Id*; *See* Docket No. 50-8 at 3). After said

---

[1]

As the parties are intimately familiar with the facts of this case, the procedural history and factual background of this case includes only that which is relevant to the instant dispute For a more detailed recitation of the facts and procedural history of both cases, see the Court's Memorandum Opinion and Order on Butler's Motions to Dismiss certain of Travelers and the Cullens' claims, (Docket Nos. 82, 62, 64, respectively); *Travelers Cas. & Sur. Co. v. A.G. Cullen, et al.*, Civ. A. No. 07-765, 2008 U.S. Dist. LEXIS 89187 (W.D. Pa. Nov. 4, 2008), and the Court's Memorandum Opinion and Order on Travelers' Motion to Dismiss the Cullens' claims at 08-1238 (Docket No. 23 and 24); *A.G. Cullen Construction, Inc., et al. v. Travelers Cas. & Sur. Co.*, Civ. A. No. 08-1238, 2009 U.S. Dist. LEXIS 11683 (W.D. Pa. Feb. 13, 2009).

claim was filed against the performance bond, Travelers filed suit in this Court against the Cullens on June 6, 2007, claiming, *inter alia*, that the Cullens refused to deposit funds in a trust account in violation of the GAI. (07-765, Docket No. 82 at 4).  On August 1, 2007, the Court denied Travelers' Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (*Id.* at 6; Docket No. 40). Travelers' motions had requested that the Court order the Cullens to deposit funds received in connection with the Butler Project into the trust account, in adherence with the GAI, and to prohibit any withdrawals from the trust account without the express consent of Travelers. (*Id.*).

The parties attempted to mediate their claims before a neutral approved by this Court, the Honorable Joseph Del Sole, on August 27, 2007. (*Id.* at 4). Consequently, they reached an agreement regarding the day to day operation and procedures of the trust fund account. Specifically, the parties agreed that all funds relating to the Butler Project would be deposited into the account, and any withdrawal by the Cullens was prohibited unless it was with the written consent of Travelers. (*Id.*). In accordance with the agreed upon procedures regarding the account, Travelers used the deposited funds to make payments to subcontractors and suppliers on the Butler Project, in addition to releasing funds to the Cullens to pay its own employees and expenses. (*Id.*).

In December of 2007, the Cullens claimed that payment on the Project was overdue and declared Butler to be in material breach of the construction contract. (*Id.*).  They terminated the contract and refused future performance. (*Id.* at 4-5). In response, on or about January 17, 2008, Butler claimed that the Cullens were in breach for failure to continue their work and terminated the contract. (*Id.* at 5; *see also* Docket No. 50-7). By letter dated the same day, Butler declared the Cullens to be in default and made a demand upon Travelers to perform its duties under the

performance bond.[2] (*Id*; *see also* Docket No. 50-7). Travelers then notified the Cullens that, pursuant to the indemnification obligation in the GAI, it was necessary for the Cullens to deposit funds in the trust account in an amount Travelers estimated would be sufficient to protect Travelers from any losses, including any expenses associated with Travelers' investigation of the allegations made by Butler against the Cullens. (*Id.*; Docket No. 50-8 at 2-3). Travelers claims that the Cullens have not deposited any of these requested funds which were spent in fulfilling its obligations under the bonds. (*Id.*).

       2.     Case at No. 08-1238

On September 5, 2008, Travelers removed to this Court the Cullens' claim against it and its attorneys, Shawn Pikas, David Dreifuss, Joann Bonacci, and Dreifuss, Bonacci, and Parker, for malicious use of civil proceedings, originally filed in the Court of Common Pleas of Butler County. (08-1238, Docket No. 1). In this action, the Cullens contend that Travelers and its lawyers' request for a temporary restraining order and preliminary injunction at 07-765, which they claim was terminated in their favor, was sought in a grossly negligent manner, without probable cause, and without a legitimate purpose. (08-1238, Docket No. 23 at 7).  Specifically, the Cullens claim that Travelers' concerns in seeking this relief, namely that the Cullens were allegedly wrongfully dissipating funds, were based on "unsubstantiated rumors" that the Cullens planned to flee to St. Maarten. (*Id.*).  They further claim that Travelers and its attorneys maliciously published false rumors with the intent to harm the Cullens. (*Id.*).  On February 13, 2009, the Court denied Travelers'

---

[2]

       It has been represented to the Court by counsel for Butler and Travelers that subsequent to Travelers' tender of Rycon Construction, Inc. as the replacement contractor on the project under the performance bond, the project was completed.  The Butler County Prison officially opened on July 1, 2009.

Motion to Dismiss the Cullens' claim for malicious prosecution, finding that the Cullens are entitled to discovery on this claim, while permitting the Cullens to amend their complaint to more specifically plead a claim for abuse of process. (*Id.* at 31). On June 15, 2009, after granting three extensions of time to the Cullens, they filed their Second Amended Complaint. (08-1238, Docket No. 37). On July 9, 2009, the parties filed a stipulation for extension of time for Travelers to respond to the Cullens' Second Amended Complaint, making Travelers' answer due by July 31, 2009. (*Id.*; Docket No. 41).

>    B.    Mediation Process

On September 22, 2008, the parties agreed to attempt to mediate both cases, along with the related cases in state court, and to contact a proposed mediator to inquire as to fees and scheduling. (07-765, Docket No. 76).  On October 17, 2008, the parties chose John Madden, Esquire[3] to serve as a co- mediator with the Court; Mr. Madden accepted the appointment. (*Id.*; Docket No. 81).  On November 19, 2008, the Court, the parties, and Mr. Madden convened a telephone conference to discuss the parameters of the mediation, the role the Court would play, and the scheduling of the pre-mediation session and mediation session(s). (*Id.*; Docket No. 85).  The parties, Mr. Madden and the Court had a pre-mediation conference on December 18, 2008. (*Id.*; Docket No. 91).  In anticipation of the mediation sessions held during the third week of February of 2009, the parties engaged in extensive document production and each party prepared mediation statements for Mr. Madden. While the parties were able to reach a tentative agreement, the matters were not able to be

---

[3]

Mr. Madden has been a construction contract mediator since 1992. His mediation practice, Madden Mediation, is based in New York, New York, while he also practices in internationally in Ireland. He is both an attorney and a civil engineer. *See* http://www.maddenmediation.com; last visited July 24, 2009.

completely resolved at the mediation, however, the parties engaged in further settlement negotiations in the weeks subsequent thereto. (*Id.*; *see* Docket Nos. 105, 108).

      C.      Subsequent Conferences with the Court

On April 3, 2009, the Court held a telephonic status conference with counsel for the parties to inquire as to the status of settlement negotiations, specifically their dispute over the particular terms of a proposed release. (07-765; Docket No. 110). Upon further discussion regarding the potential options with which to attempt to resolve the issues surrounding the release, counsel agreed that they would further confer to try and come to an agreement. (*Id.*). Counsel were to notify this Court by April 15, 2009 with an update as to the status of negotiations and of the need for a status/settlement conference with the Court, the parties and their counsel. (*Id.*).

On April 7, 2009, at 08-1238, the Cullens moved for the Court to schedule a settlement conference with Travelers. (08-1238, Docket No. 29). The Court granted this motion, scheduling a settlement conference on April 15, 2009. (Text entry order, April 14, 2009). The conference proceeded on that date.[4] (*Id.*; Docket No. 30). Counsel for the Cullens and Travelers apprised the Court of the details of their disagreement. (*Id.*). After further discussion with counsel and the parties, counsel and the parties advised the Court that they needed more time to discuss this matter amongst themselves. (*Id.*).

On May 26, 2009, the Court had a telephonic status conference with Mr. Madden, counsel for the Cullens, and counsel for Travelers to determine the parties' and counsel's willingness to entertain further settlement discussions. (08-1238, Docket No. 35). Thereafter, another settlement

---

[4]

As counsel for Butler County in the related action at 07-765 had previously advised the Court that their presence was not needed to resolve the instant dispute, said party and their counsel were not present. (*Id.*).

conference was set for July 8, 2009. (Text Entry Order, June 8, 2008).  Said conference was held as scheduled with the Cullens, Travelers, Butler, and their respective attorneys.[5] (07-765, Docket No. 116; 08-1238, Docket No. 40).  After discussion with counsel and the Cullens, the Cullens advised the Court that the matter was not able to be resolved at that time. (*Id.*).  The Court then concluded the settlement conference and convened a status conference with counsel to set down case management deadlines in both cases. (*Id.*).

During the status conference, counsel for all the parties tentatively agreed to deadlines for the case management orders and the parameters of discovery in both actions.  For the case at 07-765, based on the nature of the case and the issues presented in same, the Court exempted the case from Federal Rule of Civil Procedure 30(d)(1) regarding the seven hour rule and Rule 30(a)(2)(A)(I) regarding the limit on the number of depositions, as counsel advised that at least 32 depositions need to be taken. The Court also gave the parties in 07-765 until the fall of 2010 to complete all fact discovery.  As to the case at 08-1238, the Court was advised that no more than ten depositions need to be taken. Fact discovery in 08-128 is to be completed by February 16, 2010. (07-765, Docket No. 116; 08-1238, Docket No. 40).

At the conclusion of the July 8th status conference, the Court immediately circulated to all counsel via email its draft case management orders in both actions for review and further comment. As mentioned above, the Cullens and Butler County advised that they had no objections or comments to the draft orders. On the other hand, on July 13, 2009, Travelers emailed a letter to the

---

[5]

On July 7, 2009, Travelers filed a Motion for Summary Judgment on the indemnity claim against the Cullens at 07-765 (07-765, Docket No. 113), which the Court denied on July 9, 2009, without prejudice, finding that said motion was premature as discovery has not closed in that case and that the Cullens should have an opportunity to engage in discovery in an effort to defend against Travelers' claim. (07-765, Docket No. 117).

Court detailing Travelers' position that its indemnity claim in 07-765 should be decided before the wrongful case at 08-1238 proceeds. On July 17, 2009, Travelers filed a Memorandum in Support of Proposed Case Management Orders at both Civil Action numbers. (07-765, Docket No. 119; 08-1238, Docket No. 43). On July 20, 2009, the Court heard argument from Travelers on its memorandum and the Cullens' and Butler County's responses to the same. (07-765, Docket No. 122; 08-1238, Docket No. 45). During the argument, Travelers provided the Court with a number of cases which it contends support its position and which the Court will address below.

## III.    Overview of Arguments

The crux of Travelers' argument is that its indemnity claim should be disposed of first in both cases as that course of action would greatly facilitate the resolution of the remaining claims. (07-765, Docket No. 119 at 2; 08-1238, Docket No. 43 at 2). To that end, Travelers contends that there will be no discovery disputes with respect to the issue of indemnity and that all discovery on said claim should readily conclude within 90 days since proof supporting its indemnity claim is readily had and the Cullens must prove bad faith[6] in order to avoid liability. (*Id.*). Additionally, Travelers maintains that many of the payments for which Travelers seeks reimbursement are attributable to a project

---

[6]

In the surety context, courts have recognized that the one exception to enforcement of a principal's liability for a surety's disbursement is bad faith or fraudulent payment. *See Int'l Fidelity Ins. Co. v. United* Constr., Civ. A. No. 91-2361, 1992 U.S. Dist. LEXIS 3358, at *7-8 (E.D. Pa. Mar. 4, 1992)(citing *Fidelity & Deposit Co. v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160, 1163 (4th Cir. 1983)); *see also United States Fidelity & Guar. Co. v. Bilt-Rite Contractors, Inc.*, Civ. A. No. 04-1505, 2005 U.S. Dist. LEXIS 9299 (E.D. Pa. May 16, 2005); *United States Fidelity & Guar. Co. v. Feibus*, 15 F.Supp.2d 579 (M.D. Pa. 1998). The claim of fraud or bad faith may be a defense, if properly supported *Id.* Bad faith implies the conscious wrongdoing because of dishonest purpose or moral obliquity. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994)(citation omitted). It requires a showing of recklessness or improper motive such as self-interest or ill will, not simply even gross negligence, lack of diligence or negligence. *Id.*; *Klinger v. State Farm Mut. Auto Ins. Co.*, 895 F.Supp. 709, 713 (M.D. Pa. 1995); *see also Feibus*, 15 F.Supp.2d at 587.

other than the prison project, namely, the Logan Project.[7] (*Id.*). Travelers further maintains that the indemnity claim should go first because it was filed more than two years before the Cullens filed their Amended Complaint in the 08-1238 case and because a decision in favor of Travelers on the indemnity issue may setoff or exceed[8] any potential recovery by the Cullens in 08-1238. (*Id.* at 3).

Travelers also argues that because the evidence required to prove the Cullens' claim for damages against it at 08-1238 is inextricably intertwined with Travelers' construction claim, the cases should be consolidated for discovery and the issues consolidated for trial. (*Id.* at 3-4). To that end, many of the depositions of individuals associated with the Project will be relevant to both the indemnity claim and the tort claim in 08-1238. (*Id.* at 4-5). Expert discovery, Travelers states, will also overlap between the related cases, thus, consolidation will greatly reduce expenses. (*Id.* at 5).

In response, the Cullens and Butler County both take the position that because there are questions as to whether Travelers' investigation of the contractual dispute between Butler and the Cullens was in good faith and because the Cullens are entitled to discovery on that issue, the Court should not put indemnity ahead of the other issues in these cases.(07-765, Docket No. 122; 08-1238, Docket No. 45). In fact, the Cullens maintain that until all discovery is complete in 07-765, the question of bad faith cannot be determined. Both of these parties also argue that the issue of indemnity is inseparable from the issue of who was in breach of the construction contract. (*Id.*). The Cullens further contend that set off is not permitted to reduce their claim for damages for an

---

[7]

See discussion *supra*, at pg. 2.

[8]

The doctrine of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Citizens Bank v. Strumpf*, 516 U.S. 16, 18 (1995)(citation omitted); *see also Anes v. Dehart*, 195 F.3d 177, 182 (3d Cir. 1999)(same).

intentional tort. (*Id.*). Therefore, the Cullens and Butler maintain that the indemnity claim should not proceed ahead of the remaining claims. (*Id.*).

## IV.    Analysis

It is the Court's duty to assess the nature of a case and set appropriate scheduling deadlines, and to that end, the Court has discretion to set the case management deadlines in a manner to promote the goals of speedy and efficient resolutions of all actions. *See* Fed. R. Civ. P. 1.  Rule 16 specifically gives this Court wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions, and completing discovery. FED. R. CIV. P. 16; *see also Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007). With regards to the proposed case management orders, both the Cullens and Butler have agreed to the Court's schedule for discovery in the two related cases.  Moreover, keeping in mind that the Cullens have limited funds, that Butler's defense is being funded by the taxpayers of Butler County, and that Travelers has the financial means and counsel to handle the claims as the Court sees fit, the Court agrees with the Cullens and Butler that the deadlines proposed will provide for the most just and the least inexpensive course for these two cases.

Additionally, in this Court's estimation, without a full and complete record, the defense of alleged bad faith relating to Travelers' investigation of the contractual disputes between the Cullens and Butler and its ultimate payments, cannot be determined. To that end, the facts relating to each payment made by Travelers and how they were calculated need to be explored in discovery. In response to Travelers' argument that discovery should be consolidated, the Court agrees to an extent. In fact, the Court has strongly urged the parties to coordinate a deposition schedule and to cross

10

notice deposition, as this Court will not permit witnesses to be deposed twice absent good cause. Further, the Court agreed with Butler's suggestion that its counsel be given courtesy copies of all deposition notices so it can make a determination at to which it should be present and participate.

With regards to the case law provided by Travelers at the hearing on July 20, 2009, the Court first notes that all of the cases cited by Travelers were disposed of at the summary judgment stage, after discovery was complete. *See Int'l Fidelity Ins. Co. v. Anchor Environmental, Inc.*, Civ. A. No. 07-4750, 2008 U.S Dist. LEXIS 35996 (E.D. Pa. May 2, 2008); *United States Fidelity & Guar. Co. v. Bilt-Rite Contractors, Inc.*, Civ. A. No. 04-1505, 2005 U.S. Dist. LEXIS 9299 (E.D. Pa. May 16, 2005); *Colonial Surety Co. v. Medtek, Inc.*, Civ. A. No. 03-6377, 2005 U.S. Dist. LEXIS 3147 (E.D. Pa. Feb. 24, 2005); and *United States Fidelity & Guar. Co. v. Feibus*, 15 F.Supp.2d 579 (M.D. Pa. 1998). Second, these cases are distinguishable because they did not involve related, parallel litigation involving a tort claim by an insured against the insurer and its counsel.  While these cases may provide support to Travelers in defending against any allegations of bad faith at the summary judgment stage, *see United States Fidelity & Guar. Co. v. Feibus*, 15 F.Supp.2d 579, *United States Fidelity & Guar. Co. v. Bilt-Rite Contractors, Inc.*, Civ., 2005 U.S. Dist. LEXIS 9299, they do not support Travelers' position that the issue of indemnity should be litigated before other claims in the present related cases. The Court also notes that it was Travelers which removed the later 2008 case to this Court from Butler County where it was initially filed.

For these reasons, the Court will not expedite Travelers' indemnity claim against the Cullens to be litigated before the remaining issues involved in this litigation at this time.  Rather, the Court will employ the proposed case management orders to effectuate a speedy and efficient resolution of both cases. FED. R. CIV. P. 1 (the rules of civil procedure "should be construed and administered to

secure the just, speedy, and inexpensive determination of every action."). The Court will monitor discovery in these cases directly and through Magistrate Judge Mitchell whom the parties agreed upon as a special discovery master.[9] (07-765; Docket No. 123; 08-1238, Docket No. 46).

**V.      Conclusion**

Accordingly, the Court denies Travelers' request that the Court enter case management orders in the cases at 07-765 and 08-1238 providing for the initial resolution of the contractual indemnity claims in both cases and subsequent disposition of the remaining claims. Case Management Orders follow.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC/ECF:     All counsel of record.
Date:       July 24, 2009

---

[9]

See Court Order dated July 20, 2009. (07-765, Docket No. 123; 08-1238, Docket No. 46). Judge Mitchell has already scheduled a status conference with all parties and counsel for August 20, 2009 at 9:30 a.m. (07-765, Docket No. 121; 08-1238, Docket No. 44).