IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>          Plaintiff,<br>  v.<br><br>A.G. CULLEN CONSTRUCTIONS, INC., ARLENE CULLEN, PAUL CULLEN, and COUNTY OF BUTLER,<br><br>          Defendants. | Civil Action No. 07-765 |

## MEMORANDUM OPINION

### I. Introduction

This matter is before the Court on Plaintiff Travelers Casualty and Surety Company of America's ("Travelers") Motion to Dismiss (Docket No. 98) portions of Defendant County of Butler's ("Butler") counterclaim for breach of contract at Count I and its claim under the Pennsylvania Procurement Code, 62 Pa. C.S. § 101, *et seq.*, at Count II, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion [98] is GRANTED.

### II. Procedural Background[1]

On May 1, 2008, Travelers filed its Amended Complaint (Docket No. 50) against A.G. Cullen Construction, Inc., Arlene and Paul Cullen (collectively "the Cullens") and Butler, to which the Cullens filed their Answer and Crossclaims against Butler on June 5, 2008. (Docket No. 57). The Cullens claim that Butler breached the construction contract and that Butler violated the Procurement Code, 62 Pa. C.S. 3101, *et seq.* (Docket No. 57 at 27, 46, 50). For their breach of contract claim, the Cullens seek recovery from Butler in excess of $3.8 million.

---

[1] A complete factual background and more detailed procedural history can be found in the Court's Memorandum Opinion on Butler's motions to dismiss certain of Travelers' and the Cullens' claims (Docket Nos. 82, 62, 64, respectively); *Travelers Cas. & Sur. Co. v. A.G. Cullen Constr. Inc.*, Civ. A. No. 07-765, 2008 U.S. Dist. LEXIS 89187 (W.D. Pa. Nov. 4, 2008), as well as the Court's Memorandum Opinion denying Travelers' request concerning the case management order in this case. (Docket No. 134); *Travelers Cas. & Sur. Co. of Am. v. A.G. Cullen Constr., Inc.*, Civ. A. No. 07-765, 2009 U.S. Dist. LEXIS 63730 (W.D. Pa. July 24, 2009).

1

(Docket No. 57 at 27- 45). For their claim under the Procurement Code, the Cullens seek recovery of wrongfully withheld retainage and contract proceeds they claim they are due. (*Id.* at 46-49).

On November 24, 2008, Butler filed Counter-cross claims against the Cullens alleging, *inter alia*, that the Cullens breached the construction contract in a number of ways, including performing faulty work and failing to complete the Project within the contractual time limit, *i.e.* 615 calendar days. (Docket No. 88 at ¶¶ 256-258, 260-272, 280-282).  Butler denied Travelers' allegations and has also set forth two causes of action against Travelers: breach of contract (Count I) and violation of the Commonwealth Procurement Code (Count II).  (Docket No. 86). In its denials, Butler admits that Travelers retained one or more consultants to investigate the project, but denies that said investigation was properly conducted, and further denies that Travelers took appropriate actions as a result of said investigation. (Docket No. 86 at 6-7, ¶ 31). Butler also avers that Travelers breached its duty to Butler in that its investigation determined that the Cullens were in default, but despite same, Travelers tendered a replacement contractor and reserved its rights in an attempt to reduce its exposure on the project, for which it is fully liable for the Cullens' default. (*Id.* at 7, ¶ 34).  Butler further alleges in its denials that Travelers did not provide it with any specific notice that Travelers intended to seek double recovery from Butler for breaches caused by the Cullens, and that Travelers failed to disclose this intention during the negotiations relating to the replacement of the Cullens in an effort to induce Butler to accept the replacement contractor and the agreement relating thereto. (*Id.* at 11-12, ¶ 72).

At Count I of its counterclaims, Butler claims that Travelers, as the surety, failed to timely perform under the performance bond. (*Id.*).  Butler avers that it notified Travelers in accordance with terms of the bond of the Cullens' default, but that Travelers refused to find the Cullens in default. (*Id.* at 18). As a result of the Cullens' default and Travelers' failure to timely act under

the bond, Butler contends it is entitled to relief for the project delays. (Docket No. 86 at 17-18). At Counts I and II, Butler requests that Travelers be held solely liable to or jointly liable with Butler on the Cullens' claims against Butler. (*Id.* at 20). Further, Butler requests that if a judgment is recovered by the Cullens, then Travelers should be held liable by way of indemnification[2] and/or contribution.[3] (*Id.* at 19-20). Butler also claims that Travelers violated the Pennsylvania Procurement Code, 62 Pa. C.S. 903(a)(1),[4] by ignoring the language of the performance bond and not paying the full amounts owed to Butler. (Docket No. 86 at 22-23).

Travelers filed the instant Motion to Dismiss portions of Butler's counterclaims and supporting Brief on January 8, 2009. (Docket Nos. 98 and 99). Butler filed its Brief in Opposition on January 28, 2009, to which Travelers filed a Reply on February 10, 2009. (Docket Nos. 101 and 103). Given the status of the parties' settlement discussions at that time, the Court held in abeyance its ruling on the instant motion on March 9, 2009. (Docket No. 105). However, the parties' further attempts to settle the case were unsuccessful. Accordingly, on April 16, 2009, the Court ordered the parties to file supplemental briefing identifying any changes in the law; but, neither party filed a supplemental brief at that time. (Docket No. 111).

---

[2] Indemnification is the act or process whereby a party, who owes a legal obligation to do so, incurs the losses of another party or reimburses the losses of another. In other words, it is the right of an injured party to shift a loss onto the party responsible for same. *See, e.g., In re Exide Techs.*, 544 F.3d 196, 209 (3d Cir. 2008).

[3] Contribution, similar to indemnification, is an equitable doctrine imposing a duty on one party to another to share in the payment of money to an injured third party. *In re McAllister Towing & Transp. Co.*, 432 F.3d 216, 222 (3d Cir. 2005)(citations omitted); *see also Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145, 156 (3d Cir. 2001).

[4] Section 903(a)(1) provides:
> A performance bond, executed by a surety company authorized to do business in this Commonwealth and made payable to the Commonwealth, in an amount equal to 100% of the price specified in the contract and conditioned upon the faithful performance of the contract in accordance with the plans, specifications, and conditions of the contract.

62 Pa.C.S. § 903(a)(1).

The Court then heard oral argument on July 17, 2009.[5] (Docket No. 120). Pursuant to the Court's directives at the argument, Travelers filed a Supplemental Brief on July 24, 2009. (Docket No. 135). On July 27, 2009, Travelers also filed a Notice of State Court Decisions from the Butler County Court of Common Pleas wherein the Honorable Eugene E. Fike, II sustained Travelers' preliminary objections and dismissed allegedly similar claims brought by Butler against Travelers in the parallel state litigation.[6] (Docket No. 137). Butler filed a Response to the same on August 14, 2009. (Docket No. 139). In turn, Travelers filed a Reply to Butler's Response on August 21, 2009. (Docket Nos. 140, 145, and 146). As the parties' briefing has finally concluded, Travelers' motion is now ripe for disposition.

### III. Standard of Review

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)); *see also Fowler v. UPMC Shadyside*, Civ. A. No. 07-4285, -- F.3d --, 2009 U.S. App. LEXIS 18626, at *14-15 (3d Cir. Aug. 18, 2009).

---

[5] The argument was originally set for May 29, 2009 but was postponed to July 17, 2009 in light of a death in the family of Travelers' counsel. (*See* Text Entry Orders, May 28, 2009 and June 8, 2009).

[6] According to the doctrine of *res judicata*, or claim preclusion, a court must give preclusive effect if there has been a prior final judgment on the merits, the same parties are involved, and the subsequent suit is based on the same cause of action. *Corestates Bank v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir 1999). The United States Court of Appeals for the Third Circuit has held that a judgment entered before development of the merits of a case, i.e. trial, is not based on the merits for the purposes of claim preclusion. *Wade v. City of Pittsburgh*, 765 F.2d 405, 410-11(3d Cir. 1985); *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006). The purpose underlying claim preclusion is the prevention of duplicative litigation, but that concern is absent when "the first action is never fully litigated [and] a party is not subject to the inconvenience of having to re-litigate." *Wade*, 765 F.2d at 411 (citation omitted). Since Judge Fike handed down his decision before Butler has had a full and fair opportunity to litigate both its state and federal claims, this Court is not bound by Judge Fike's decision with regard to the alleged parallel claims brought in state court. *Wade*, 765 F.3d at 410 n.5, 411. Furthermore, the Court is mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading in Pennsylvania state court. *Pierce v. Carrington Recovery Servs., LLC*, Civ. A. No. 09-787, 2009 U.S. Dist. LEXIS 72049, at *3 (W.D. Pa. Aug. 17, 2009).

The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 129 S.Ct. at 1953; *Fowler*, 2009 U.S. App. LEXIS 18626, at *15. The court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 129 S.Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Fowler*, 2009 U.S. App. LEXIS 18626, at *15-16; and *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). The determination of whether a complaint contains a plausible claim for relief under the facts asserted "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556); *Fowler*, 2009 U.S. App. LEXIS 18626, at *18. In light of *Iqbal*, the United States Court of Appeals for the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 2009 U.S. App. LEXIS 18626, at *5. Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556)

In evaluating a Rule 12(b)(6) motion, a court "may look beyond the complaint to matters of public record, including court files and records ... and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the [c]omplaint or the defendant's motion." *Spence v. Brownsville Area Sch. Dist.*, Civ. A. No. 08-0626, 2008 U.S. Dist. LEXIS 55026, at *7 (W.D. Pa. July 15, 2008)(citing *Pension Benefit Guar. Corp. v. White Consol.*

*Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (citations omitted). Otherwise, a plaintiff with a legally insufficient claim could survive a motion to dismiss "simply by failing to attach a dispositive document on which it relied." *Id.*

## IV.   Discussion

A federal court sitting in diversity must apply the substantive law as decided by the state's highest court. *Travelers Indem. Co. of Illinois v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997). The parties do not dispute the application of Pennsylvania law to this matter; furthermore, the construction contract provides that any dispute relating to the contract shall be governed by Pennsylvania law. (Docket No. 88-3 at 28). Thus, Pennsylvania law will be applied.

   A.   Butler's Claim for Joint or Sole Liability, and Indemnification and/or Contribution for Sums it May be Required to Pay the Cullens and for Damages Paid to Co-Prime Contractors[7]

      1.   *Butler's Allegations*

As previously discussed, in Counts I and II, Butler requests relief against Travelers in the form of joint or sole liability, and indemnification and/or contribution. These claims are based upon Butler's allegations that Travelers breached the bond by failing to timely act upon Butler's notice of the Cullens' default, by failing to declare which party was in default and by failing to pay monies owed to Butler. (Docket No. 86 at 20-25). To that end, Butler has claimed that Travelers tendered a replacement contractor despite its determination that the Cullens' defaulted, and fully reserved its rights in an effort to minimize its financial obligations on the project, all in contravention of its legal obligations to the contrary. (Docket No. 86 at 7, 19). Butler maintains

---

   [7] The analysis herein as to Butler's claim for joint or sole liability and indemnification and/or contribution contained in Count I equally applies to Butler's identical claim for relief in Count II. (Docket No. 86 at 20, 23).

that Travelers was required to take over for the Cullens, complete the project, and make Butler whole. (*Id.* at 19).

Further, Butler contends that Travelers' intimate involvement in the dispute between Butler and the Cullens in the spring and summer 2007, prior to either party claiming contractual default, caused delays in the processing of the Cullens' payment applications, as Travelers' consultant R.V. Buric was allowed to review the payment applications prior to submission to Butler. (Docket No. 147 at 23:1-10). Thus, Butler claims that Travelers should be jointly or solely liable to Butler if Butler is found liable to the Cullens. (Docket No. 86 at 19-20). Additionally, Butler avers that Travelers should be liable for damages paid to co-primes[8] caused by its and the Cullens' actions that resulted in project delays. (Docket No. 86 at 17-19; Docket No. 147 at 20:18-25, 21:1-6). Alternatively, Butler requests that Travelers be required to indemnify Butler and/or contribute to the sums Butler may be required to pay the Cullens. (Docket No. 86 at 17-19). In support of these claims for relief, Butler incorporates the Cullens' cross-claims against it and Butler's counter-cross claims against the Cullens, (*Id.* at 19,¶¶ 25-26), which contain numerous factual allegations. (*See generally* Docket Nos. 57 and 102).

    2.    *Overview of Parties' Arguments*

Travelers first moves for dismissal of Butler's claim that Travelers is jointly liable with Butler or solely liable to the Cullens, or that Travelers owes a duty of indemnification and/or contribution to Butler for the Cullens' claims against Butler and for delay damages Butler has paid co-prime contractors. Travelers argues that, pursuant to the terms of the performance bond,

---

[8] The co-prime contractors referenced herein are Clista Electric, Inc. and Enders Plumbing & Heating Co., both of which have filed claims against Butler County in the Court of Common Pleas of Butler County. (*See* Docket No. 98-2 at 1-16). Butler has specifically averred, with regards to damages paid to co-primes, that Travelers is liable for delays on the project including the costs of housing prisoners in other counties; travel costs to transport prisoners between counties; delay damages paid to other prime contractors; delay damages paid to the construction manager (Massaro Corporation); delay damages paid to the architect (L. Robert J. Kimball & Associates); legal fees associated with both the state and federal court actions, including actions filed by other prime contractors; and loss of warranties because of failure to complete the project as scheduled. (Docket No. 86 at 17-18).

Travelers cannot be liable to Butler for these damages. (Docket No. 99 at 7-9, 14-15).  To that end, Travelers maintains that its liability under the bond is co-extensive with the Cullens. (*Id.*). Therefore, if Butler is found to have breached the construction contract, and is thus, liable to the Cullens, Travelers will have no obligation to Butler under the bond. (*Id.* at 12, 18).  Additionally, Travelers argues that it cannot be liable to Butler for damages paid to co-prime contractors for delays because, if Butler is found not to be in breach, then pursuant to the "no damages for delay" clause in paragraph 27 of the general conditions,[9] Butler cannot be liable to the co-primes. (*Id.* at 18; Docket No. 135 at 3). In sum, Travelers argues that Butler's claims fail because Travelers' responsibilities under the bond are limited to the Cullens' liability, if any. (Docket No. 99 at 12).  Yet, as noted above, when Travelers conducted an investigation of the project as well as Butler's and the Cullens' cross-allegations of default, Travelers avers it was unable to determine which was the breaching party. (*See* Section II, *supra*).

In response, Butler argues that its claim for damages in relation to its allegations that Travelers breached the bond by failing to timely act, and by refusing to find the Cullens in default and reimburse Butler for damages caused by delays on the project, is proper at this stage of the litigation. (Docket No. 101 at 3-4). Further, Butler maintains that Travelers' failure to timely determine who was at fault and perform its obligations under the bond caused additional project delays and related costs, which Butler is entitled to pursue as delay damages and additional costs under paragraph 6.2[10] of the bond. (*Id.* at 4; Docket No. 147 at 17:18-25, 18:7-

---

[9] Paragraph 27 states:
If the Contractor is delayed in the performance and completion of the Work by an act or neglect of the County, Architect, or Construction Manager, or an employee of either, or by fire, flood, or other causes beyond the control of the Contractor, . . . The Contractor may not claim any damages for injury caused by a delay caused by an event described in Section 27.
(Docket No. 88-3 at 13).

[10] Paragraph 6.2 states that Travelers may be liable for "[a]dditional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety." (Docket No. 86-2 at 2).

8

12).  Butler alleges that it paid delay damages to the co-primes prior to the resolution of the co-primes' claims against Butler in an effort to encourage the co-primes to continue work on the project. (Docket No. 101 at 6). As a result, Butler claims that Travelers should be required to reimburse Butler for the sums paid to the co-primes to the extent that the delays were caused by the Cullens' default and/or Travelers' delay in tendering a replacement contractor. (*Id.*; Docket No. 147 at 19:16-21, 20:10-17).

       3.    *Pertinent Language of the Performance Bond*

Here, Butler County relies on paragraph 6 of the bond, which enumerates the damages that may be recoverable from Travelers. It states as follows:

> To the limit of the amount of this Bond, but subject to commitment by the Owner of the Balance of the Contract Price to mitigation of costs and damages on the Construction Contract, the Surety is obligated without duplication for:
>
> 6.1   The responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;
>
> 6.2   Additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Paragraph 4; and
>
> 6.3   Liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

(Docket No. No. 86-2 at 2). This language explicitly defines Travelers' potential liability under the bond. *See N. Am. Speciality Ins. Co. v. Chichester Sch. Dist.*, 158 F.Supp.2d 468, 472 (E.D. Pa. 2001).

       4.    *Discussion*

It is important to note that Travelers does not contest the entire validity of Butler's claim at Count I (*see* Docket No. 147 at 4:4- 11); rather, it appears that it is only contesting the extent of the coverage of the bond and whether certain damages are recoverable under same. (Docket No.

147 at 4: 17-24). Accordingly, the Court will address only those claims which are challenged, *i.e.* Butler's claim for joint or sole liability, and indemnification and/or contribution.

At the outset, the Court notes that at oral argument, the Court opined that this case does not involve "run of the mill" construction claims on a surety bond, as the parties dispute much of what occurred prior to Butler's declaration of the Cullens' default. (Docket No. 147 at 28: 12-16). To that end, the Court highlighted that the parties still very much dispute why the Cullens were terminated by Butler and/or whether they walked off the job. (*Id.*). Based on the facts that have been pled, Travelers' role in this case may be more than that of a surety.[11] Further, during argument the Court questioned whether it was appropriate at this stage to dismiss claims without the benefit of a full and complete record. (*Id.* at 28: 17-24). For these reasons and those that follow, Travelers' motion to dismiss portions of Butler's counterclaims at Counts I and II is granted; however, the Court grants Butler leave to amend these claims.

The critical issue at the motion to dismiss stage is whether relief is plausible under the set of facts alleged by the non-moving party. In conducting this analysis, a court is required to accept the plaintiff's facts, here the counter-claimant's, as true, not the moving party's version of the same. *Iqbal*, 129 S.Ct. at 1949. In support of its motion, Travelers relies on contingent facts that have yet to be developed in discovery, and facts that Butler has not averred in its counterclaim. Specifically, Travelers argues that "if Butler is found liable to the Cullens," there is no possible way Travelers is liable. (Docket No. 99 at 10-11). However, Travelers ignores paragraph 6.2 of the bond, which is made part of the pleadings and provides that it can be held liable for additional legal or delay costs resulting from its own actions or failure to act under the bond with reasonable promptness, without regard to the Cullens' actions. *See Int'l Fidelity Ins.*

---

[11] To this end, Butler has alleged that Travelers became intimately involved in its dispute with the Cullens prior to any default of the construction contract and Butler's request that Travelers act under the bond, through Travelers' consultation with R.V. Buric and outside counsel. (Docket No. 147 at 23:1-10; Docket No. 86 at 19).

*Co. v. County of Rockland*, 98 F.Supp.2d 400, 422 (S.D.N.Y. 2000). Travelers also does not mention its own involvement in the dispute during the months it took Travelers to tender a replacement contractor, all of which occurred after Travelers filed suit in this Court.

With the above in mind, in the Court's estimation, Travelers' argument for dismissal of certain of Butler's claims for relief in Counts I and II would require the Court to make a factual determination as to whether Butler is entitled to the requested relief at a very early stage in this litigation. However, a factual dispute over whether a plaintiff will ultimately prevail is not properly before a court on a motion to dismiss. *Ferrone v. Onorato*, 439 F.Supp.2d 442, 446 (W.D. Pa. 2006). Here, there are a number of factual disputes between Butler and Travelers in connection with Butler's breach of bond claim, the bond's proper interpretation, and the damages recoverable under same. Similarly, such fundamental issues as which party breached the construction contract, which was first to breach, and interpretation of the contract are not properly before a court without the benefit of a full and complete record. These disputes should be decided in light of the all evidence adduced through discovery.[12]

While the Court cannot say that Butler's breach of contract claim fails at this stage, the Court does find that Butler has failed to properly plead how the Cullens' claims against Butler factually support Butler's claims for joint or sole liability, and indemnification and/or contribution against Travelers. Butler has simply incorporated by reference[13] the Cullens' claims against Butler. (*See* Docket No. 86 at 19, ¶ 25). Specifically, Butler does not state how the Cullens' claims plausibly support its claims for relief against Travelers. While the Court may

---

[12] For similar reasons, the Court also cannot determine at this stage the potential effect of the "no damages for delay" clause in section 27 of the construction contract's general conditions (*see* Docket No. 88-3 at 13), and where liability should fall given the recognized exceptions to this type of contractual provision. *See Guy M. Cooper, Inc. v. East Penn Sch. Dist.*, 903 A.2d 608, 613 (Pa. Cmwlth. Ct. 2006)(discussing "no damages for delay" clauses generally in Pennsylvania and the two recognized exceptions to the enforceability of same).

[13] Federal Rule of Civil Procedure 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." FED. R. CIV. P. 10(c).

review the Cullens' allegations against Butler in analyzing Travelers' motions, *Pension Benefit*, 998 F.2d at 1196 (a court may look at documents incorporated by reference in a claim), doing so does not clarify the link between Butler's and the Cullens' claims which, in turn, allegedly supports Butler's claims against Travelers. Nevertheless, given the convoluted history of this case, the parallel litigation at Civil Action No. 08-1238, and in light of the applicable motion to dismiss standard as interpreted by *Twombly*, *Iqbal*, and now *Fowler*, *supra*, the Court grants Butler the opportunity to replead its claims against Travelers.

Accordingly, Travelers' motion to dismiss Butler's claim for joint or sole liability, and indemnification and/or contribution for damages the Cullens may recover from Butler and for delay damages paid to the co-prime contractors is granted. Further, the Court finds that amendment would not be futile, *Phillips*, 515 F.3d at 228 (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)), Butler shall be granted leave to amend its counterclaim at Count I.

    B.    Butler's Claim under the Commonwealth Procurement Code

Travelers next moves to dismiss Butler's claim under the Procurement Code (the "Code") at Count II on the basis that Butler has not sufficiently pled the applicability of the Code. (Docket No. 99 at 14). Specifically, Travelers contends that section 903, to which Butler cites, is only applicable to Commonwealth Agencies, not the County of Butler. (*Id.* at 12; Docket No. 147 at 5:22-25, 6:1-5). Further, Travelers contends that the Code neither provides Butler with any right to payment under the performance bond nor any statutory remedy. (*Id.* at 13; Docket No. 147 at 6: 5-12). Butler argues in response that the performance bond was required for the project under the Code and that it protects Butler from any loss caused by the Cullens. (Docket No. 101 at 5). To that end, Butler maintains Travelers is required to perform under the bond and make Butler whole. (*Id.* at 5). To issue such a bond, Butler argues, and then fail to comply with its terms is not compliance with the Code. (*Id.*).

As delineated by the table of contents of the Commonwealth Procurement Code, section 903 is in Part I of the Code, and is titled "[c]ontract performance security and payment bonds." 62 Pa. C.S. § 903.  Part I applies to "every expenditure of funds, other than the investment of funds, by Commonwealth agencies under any contract," while it does not apply to contracts between Commonwealth agencies or between the Commonwealth and its political subdivisions. 62 Pa. C.S. § 102(a); *see also On-Point Tech. Sys. v. Commonwealth*, 803 A.2d 1175, 1178 (Pa. 2002). Under the Code, a "Commonwealth agency" is defined as an executive agency, an independent agency or a State-affiliated entity.[14] 62 Pa. C.S. § 103. Relevant here, this definition does not include a political subdivision, such as Butler County. Rather, Part II of the Code, titled "General Procurement Code," applies to government agencies, including political subdivisions. 62 Pa. C.S. § 3101. To that end, a "government agency" is defined as any "Commonwealth agency, any transportation authority or agency created by statute or any political subdivision or municipal or other local authority, or agency of *any political subdivision* or local authority." 62 Pa. C.S. § 3102 (emphasis added).  The provisions of the General Procurement Code that regulate contracts for public works involving government agencies are contained in subchapter 39. *See* 62 Pa. C.S. § 3901, *et seq.*; *see also Cummins v. Atlas R.R. Constr. Co.*, 814 A.2d 742, 744 (Pa. Super. Ct. 2002)(applying section 3921 to a construction project for the Allegheny County Port Authority).

---

[14] "State-affiliated agency" under the Code is defined as:
> A Commonwealth authority or a Commonwealth entity. The term includes the Pennsylvania Turnpike Commission, the Pennsylvania Housing Finance Agency, the Pennsylvania Municipal Retirement System, the Pennsylvania Infrastructure Investment Authority, the State Public School Building Authority, the Pennsylvania Higher Educational Facilities Authority and the State System of Higher Education. The term does not include any court or other officer or agency of the unified judicial system, the General Assembly and its officers and agencies, any State-related institution, political subdivision or any local, regional or metropolitan transportation authority.

62 Pa. C.S. § 103.

Based on a plain reading of the statute, it appears that the sections of the Code cited by Butler for its counterclaim, specifically 903(a)(1) and (b),[15] do not apply to the instant dispute. *Beckwith Mach. Co. v. Asset Recovery Group, Inc.*, 890 A.2d 403, 406 n.5 (Pa. Super. Ct. 2005)(the Commonwealth Procurement Code applies only where Commonwealth agencies are involved). Rather, it is Part II of the Procurement Code, 62 Pa. C.S. § 3101, *et seq.*, that appears to apply to the project involved in the instant matter, as Butler County is a classified as a political subdivision under the Code. *See* 62 Pa. C.S. § 3102.  Therefore, in lieu of dismissing the instant claim, the Court will grant Butler leave to amend its claim to allege a violation of the Procurement Code pursuant to the appropriate Code sections. *See, e.g., Le Nature's Inc. v. Wachovia Capital Mkts.*, 2009 U.S. Dist. LEXIS  No. 85151 (W.D. Pa. Sept. 16, 2009)(in lieu of dismissing claims, court allowed limited discovery on the issues raised by the motion); and *Pitts v. Hayman*, Civ. A. No. 08-2556, 2009 U.S. App. LEXIS 20367 (3d Cir. Sept. 10, 2009)(ruling that the district court should have permitted amendment prior to dismissal). Additionally, to the extent that Butler claims relief from Travelers for sums that the Cullens may recover from Butler for retainage due under 62 Pa. C.S. 3921(a)[16] (Docket No. 147 at 24: 3-18; *see also* Docket No.

---

15

Section 903(a)(1) specifically provides:
> A performance bond, executed by a surety company authorized to do business in this Commonwealth and made payable to the Commonwealth, in an amount equal to 100% of the price specified in the contract and conditioned upon the faithful performance of the contract in accordance with the plans, specifications and conditions of the contract.

62 Pa. C.S. § 902(a)(1). Section 903(b), states, in pertinent part: "[a] performance bond shall be solely for the protection of the purchasing agency which awarded the contract." 62 Pa. C.S. § 903(b).

16

Section 3921(a), provides, in relevant part:
> (a) Contract provision.-A contract may include a provision for the retainage of a portion of the amount due the contractor to insure the proper performance of the contract except that the sum withheld by the government agency from the contractor shall not exceed 10% of the amount due the contractor until 50% of the contract is completed. When the contract is 50% completed, one-half of the amount retained by the government agency shall be returned to the contractor. However, the architect or engineer must approve the application for payment. The contractor must be making satisfactory progress, and there must be no specific cause for greater withholding. The sum withheld by the government agency from the contractor after

82 at 21-23), Butler shall be permitted to amend its counterclaim to plead the applicability of section 3921 to its dispute with Travelers.[17]

Accordingly, Travelers' motion to dismiss Butler's claim at Count II under the Procurement Code, 62 Pa. C.S. § 101, *et seq.* (Docket No. 86 at 20) is granted, and said claim is dismissed. However, Butler is granted leave to amend its claim at Count II to plead the applicability of Part II of the Procurement Code, 62 Pa. C.S. § 3101, *et seq.*

## V. Conclusion

In light of the foregoing, Travelers' Motion to Dismiss portions of Butler's counterclaims at Count I and Count II, in its entirety, pursuant to Rule 12(b)(6) is GRANTED. However, because the Court is unable to determine at this stage whether Butler's counterclaims against Travelers are futile, the Court grants Butler leave to amend its counterclaims on or before October 20, 2009. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

DATE: September 29, 2009
CC/ECF: All counsel of record.

---

the contract is 50% completed shall not exceed 5% of the value of completed work based on monthly progress payment requests.
62 Pa.C.S. 3921(a).

[17] The Court also notes that, as discussed in its prior Memorandum Opinion (*See* Docket No. 82 at 1), the Public Works Contractors' Bond law requires the performance bond for the project, as it involved the construction of a public building for a political subdivision. *See* 8 P.S. § 193(a). Section 193(a)(1) specifically requires a performance bond in a contract involving a public building or work and provides that it is solely for the protection of the contracting body. 8 P.S. § 193(a)(1); *see also Empirs. Ins. of Wausau v. DOT*, 865 A.2d 825, 828 (Pa. 2005). Thus, in this Court's estimation, Butler's claims that Travelers did not act in accordance with the performance bond may more properly fall within the purview of the Bond law.